PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _Southern_ DISTRICT OF TEXAS

### _Houston_ DIVISION

United States Courts
Southern District of Texas
FILED

MAY 20 2020

David J. Bradley, Clerk of Court

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

_Ronald Kelvin Perry_
PETITIONER
(Full name of Petitioner)

_Richard P. Leblanc_
CURRENT PLACE OF CONFINEMENT

vs.

_# 2003024_
PRISONER ID NUMBER

_Warden A. Tompkins_
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

_1386767_
CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1.   The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.   Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.   Receipt of the $5.00 filing fee or a grant of permission to proceed _in forma pauperis_ must occur before the court will consider your petition.

4.   If you do not have the necessary filing fee, you may ask permission to proceed _in forma pauperis._ To proceed _in forma pauperis_, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified _In Forma Pauperis_ Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

☑ A judgment of conviction or sentence,       (Answer Questions 1-4, 5-12 & 20-25)
   probation or deferred-adjudication probation.
☐ A parole revocation proceeding.       (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding.       (Answer Questions 1-4, 15-19 & 20-25)
☐ Other:_____       (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: District Court Harris County, Texas 176th Judicial District

2.  Date of judgment of conviction: 5-8-15

3.  Length of sentence: 40 years

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 1st Degree Murder

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☒ Not Guilty  ☐ Guilty  ☐ Nolo Contendere

6.  Kind of trial: (Check one)  ☒ Jury  ☐ Judge Only

7.  Did you testify at trial?  ☐ Yes  ☒ No

8.  Did you appeal the judgment of conviction?  ☒ Yes  ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? 14th District

    of Texas At Houston _____ Cause Number (if known): 14-15-00471-CR

    What was the result of your direct appeal (affirmed, modified or reversed)? affirmed

    What was the date of that decision? 8-16-2016

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: Misuse of the Doctrine of Chances —

    Insufficient of evidence — Admitting evidence of A No-Bill

    Result: affirmed

    Date of result: 2-1-2017 _____ Cause Number (if known): PD-1089-16

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: N A

    Date of result: N A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: Court of Criminal Appeals of Texas

    Nature of proceeding: Murder

    Cause number (if known): 1386767-A

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: 11 - 4 - 2019

Grounds raised: eight

Date of final decision: 11 - 20 - 2019

What was the decision? Denied Without Written Order

Name of court that issued the final decision: Court of Criminal Appeals

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: NA

Nature of proceeding: NA

Cause number (if known): NA

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
NA

Grounds raised: NA

Date of final decision: NA

What was the decision? NA

Name of court that issued the final decision: NA

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes    ☑ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: NA

(b)    Give the date and length of the sentence to be served in the future: NA

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

## Parole Revocation:

13.    Date and location of your parole revocation: _NA_____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes   ☐ No

16.    Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

_____

Disciplinary case number: _NA_____

What was the nature of the disciplinary charge against you? _NA_____

18.    Date you were found guilty of the disciplinary violation: _NA_____

Did you lose previously earned good-time days?   ☐ Yes   ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____NA_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

_____

_____NA_____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes   ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____NA_____

Date of Result: NA

    Step 2  Result: NA

        Date of Result: NA

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize <u>briefly</u> the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.    **GROUND ONE:** Ineffective Assistance of Counsel in every Stage of the Judicial Process.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

In Petitioner Writ of Habeas Corpus ART. 11.07 VACCP Through Trial Court Record. Petitioner 1st Ground Are in Agreement that this Record Claim Could have been avoided if only Trial Counsel/Appeal Counsel Should have addressed The Record Claim on Appeal. Petitioner Object to Third and fourth as Record Claims.

B.    **GROUND TWO:** Actual Innocence. Trial Counsel failure to stay with the Actual Innocence defense.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Trial Counsel fail to seek out and Pursue the best Defense for an accused and undermine the accused exculpatory statement of the Actual scene. This does not show effectiveness by Counsel and Cause harm to the accused.

C. **GROUND THREE:** The Prosecutor misused the Doctrine of Chances.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

State Contend that Petitioner Complaint is a Record Claim, Procedural defaulted. Petitioner Object because the Doctrine of Chances was raised in Trial and on Direct Appeal. This claim was properly exhausted.

D. **GROUND FOUR:** State Attorney illegally admitted a No-Bill Prevaricated to The Jury that Defendant got away with Murder.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

State Contend that ground Four is A Record Claim also. Defendant Object, The State Points out that Defense Counsel Object to both Prior offense at Trial but only object to the admission of the No-Bill on Appeal. This Claim was Properly exhausted.

21. Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

C.   **GROUND ~~THREE~~:** five In the insufficient of evidence. Appellate Contend there was no evidence to connect Appellate.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate mere presence at the scene of Appellate own yard does not constitue guilt. Appellate tring to save the life of his own brother does not constitute guilt.

D.   **GROUND ~~FOUR~~:** six Prosecutor with-held victims Mental health history, Criminal Records, trouble background and anger issue.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutor Moved to Suppress evidence which was relevant to the case and with-held information to avoid A Probable Conviction.

21.   Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

_____

C. **GROUND ~~THREE~~** seven: Prosecutor admitted false and misleading evidence.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Prosecutor knew that the evidence was false and misleading but still allowed the Jury to hear it without instructing the Jury that the evidence was false.

D. **GROUND ~~FOUR~~** eight: Defense Counsel fail to establish a Compency hearing to Stand Trial.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Record reflect that Defense Counsel knew that Defendant has a six grand education with mental Issue Knowing A man with A six grand education is ineffectual to Court Proceeding. Defense Counsel took no steps see was Defendant Competent to Stand Trial.

21. Relief sought in this petition: Petition ask This Honorable Court Not to define him by past Conviction but see after Petition was release from doing prison time Petition became consistent with rules of Society. Thus Petition life has been shatter by death of his brother. Petition still have hope and pray that justice will Prevail Over injustice. Petition ask this Honorable Court to VACATE This Case.

Rev. 09/10

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐Yes ☐No If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____ NO _____

_____ NA _____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____ NA _____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____ NA _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Danny K. Easterling

(b) At arraignment and plea: Danny K. Easterling

(c) At trial: Danny K. Easterling

(d) At sentencing: Danny K. Easterling

(e) On appeal: Danny K. Easterling

(f) In any post-conviction proceeding: NONE

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_DA Rehana Vohra_____

## Timeliness of Petition:

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

     I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__5-18-2020_____ (month, day, year).

Executed (signed) on __MAY 18, 2020__ (date).

__Ronald Kelvin Perry_____
Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: __Leblanc Unit 3695 FM 3514__
__Beaumont, Texas 77705__

# ARGUMENTS AND Authorities

(cont)

**Ground 1)** Plaintiff greatest Contention is) DPS Conviction is in part Word Ineffective Assistance of Counsel in every Stage of the Judicial Process from start to finish.

In Plaintiff Post Conviction Writ of Hebeas Corpus Art. 11.07 VACP. Through Trial Court of Record; States Attorney And Tex.Ct.Crim.AppeaL The first ground are in agreement that Plaintiff record Claim Could have been avoided if only Trial Court Attorney And the same on Appeal should have address this Record Claim on Direct Appeal because the claim was available to Counsel at Trial And on Direct Appeal. Thus these deficient Acts Cause harm to the accuser, Wher When Trial Counsel made an Objection In Open Court to Proceeding of States Attorney is conducting some type of Vocal Proceeding with the chosen Jury out of the Presence of Trial Attorney and Plaintiff. As Trial Attorney and Plaintiff enters the Courtroom A hush fell over the Place but the Jury is Looking up at the Wall At Two Words Written Boldy in white on A Red background "Guilty Guilty" The investigator for Trial Attorney Notices it before Trial Counsel the writing on the wall and get's Trial Counsel's attention; Trial Counsel first words were: "Objection Your Honor." Trial Court Response was "Counsels Approach The Bench". Trial Counsel never discussed what was discussed before the Bench. The Objection was made for A Just cause but without A Ruling by the Trial Court is Abuse of Discretion and Judicial Misconduct for Ruling on the Open Court Objection by Trial Counsel. Trial Counsel's deficient Harmed and prejudiced the Plaintiff in that; The Unjust proceedings were highly Unethical in the Court of Law and a Blatant refusal of Due Process in accordance with The 14th and 6th of Amendment(s) of our Constitution. Plaintiff 1st ground on 11.07 were deemed A Record Claim because it was not raised on Direct Appeal by Trial Counsel Ineffective And deficient preformance at Trial and on Direct Appeal As well. This Constitutional Ground of Error were alone ground for Reversal and Aquittal As well.

The 14th Court of Appeal even Pointed that Trial Counsel made the Objection in open Court concerning the Proceeding that were taking place upon Trial Counsel and Defendant entry into the Courtroom but Trial Counsel fail to Argue the Objected issue on Appeal even after Trial Counsel averred to it on Appeal. Trial Counsel was ineffective Under the Standards of Strickland -v- Washington, 466 U.S. 688 1984. Trial Counsel failure to apply the laws that governs Due Process Clause of Our U.S. Constitution is A failure of the right to effective assistance of Counsel and A right to a fair Trial. Trial Counsel failure on Direct Appeal to State and argue Obvious Meritorious Claims Constitutional Claims Shall be deemed Ineffective and Deficient performance any Trial Counsel who fails to pursue grounds of Constitutional MAJNitude And that was raised on Objection in Open Court is a failure of effective Assistance of Counsel and a violation of the 6th Amendment of Our U.S. Constitution. see Page -v- United States at 884 F.2d 300, 302 7th Cir 1989. Also Matine -v- Wain wright, 811 F.2d 1430-1438 11th Cir 1987. In Wadmer 23 F.3d at 291; Trial Court failure to respond to open Court Objection by Trial Counsel Thus Trial Counsel never Pursued the issue on Appeal As well. When Trial Counsels failure to Seek a Ruling on the open Court Objection this prejudiced and Caused harm to the accused right to a fair Trial and place the accused entire Trial at a disadvantage both actual and Substantial by error(s) of Constitutional Dimensions: See United States -v- Frady, 456 U.S. 152, 102 S.Ct. 1384, 71L.Ed 2d 816 1982. State Planted the words Guilty Guilty in the Jury minds the first day of the Trial, With the writing on the wall Guilty Guilty. Trial Counsel allowed defendant to be Convicted by A Tainted Jury. THus, accused has established Prejudice for the purpose Cause and Prejudice. Had Trial/Appeal Counsel raised these Issue on Direct Appeal Under the Rules of Strick land -v-Washington. Accused Conviction would have been "Reversed."

# Ground Two: Ineffective Assistance of Counsel at Trial AND Direct Appeal. Actual Innocence.

Trial Counsel failure to stay with Actual Innocence Defense because Actual Innocence was the only Applicable Defense Under the Circumstance of the Charge. STATE Admitted interrogation Video of the Actual Scene but Trial Counsel argued something totality different of what happen. THE Trial Court and Court of Appeal points out that Appellate and Trial Counsel have Two different Version of Scene. Trial Counsel failed to stick with the Teneable Defense "Creates A Conflict in the The Agreed Defense AND Cause Harm to the Accused. See Strickland v. Washington 466 U.S 668, 140 S.Ct. 2052-80 L. Ed 2674 (1984). When look at under the Prongs of Strickland-v-Washington Trial Counsel had NO Legal Predicate to stray from A Defense of Actual Innocense because Appellate mere Presence in His own front yard "Does not make the Appellate Guilty of murder; When no murder took place. STATE Claims that record reflect that Appellate brother fell on A Knife during A Scuffle. There is nothing from Appellate nor emergency Personnel that Prove whether that was an accurate Statement but Here Appellate. Clearly States that it was never any struggling between Appellate AND his brother. Record reflect after Complainant was remove from the Scene officer J. Guerra AND Pena from Houston Police Department Arrived She spoke with Appellate who told her that he AND Complainant had been involved in A Verbal Altercation AND in the course of this Altercation Complainant brandished A Knife AND Swung H at appellate. Complainant fell to the ground AND began to bleed from the neck. Appellate saw that Complainant had fallen on A knife AND Appellate tried to help Complainant After HE Noticed that complainant was bleeding. This is A true testimony from H.P.D officer J. Guerra. See Exhibit A.B. When Trial Counsel fail to seek out AND pursue the best Defense for an accused AND Undermines the the Accused Statement of the Actual Crime. this does not show effectiveness by Trial Counsel. See Ex Parte Flores 387 S.W 3d 626 Tex. Crim. App. 2012. Also Ex parte Briggs 187 S.w. 3d 438 Tex. Crim. App. 2005.

(3)

There is Complete absence of eyewitness Tesitying THAT Appellate Committed any offense. Other people who testified ONeil, the the first responders the Ambulance AND officers at the Scene became Aware of Appellate Seeking help for his injured brother. No witness Said he or She SAW Appellate Struggling, stab or Cut his brother With or ANy object. State point out that record reflect that A knife WAS never recovered. Record Also reflect Why the knife was not recovered because Police failed to conduct AN adequate Scene investigation. Appellate told Police Where the Knife WAS. See Exhibit _C_ on Cross-examination officer Pena Admitted that his team only look for A few Minutes. LooK Defined Glance, Glimpse, Peek. There WAS never A Search Defined—To looK Through in trying to fine Something, To uncover. There WAS A Very Very LArge Debris\Trash Pile that Could not be examined in just A few Minutes. The State Suggest that some of Appellate Statements inconsistent. Appellate MAY have been inconsistent in some of Questioning after all Appellate brother basically died in Appellate Arms. This Could be from being up All night in the interrogation room Confusion AND emotional. Even if the right explanation is one of the above its still not the SAme as Killing. Furthermore the SO-CAll inconsistent were Trivial does it really matter were Appellate found A used News paper to Stop his brother from bleeding. Speaking of inconsistents, Regarding the Prosecutor theory that Appellate repeatedly attack his brother with a Knife did the Prosecutor Polaroid the evident or did the State prove anything Similar to that NO it was not Supported by the evidence. Prosecutor argument was improper AND inconsistent to Dr. Hines testimony because there is evidence that decease fell into the Debris Pile. Dr. Hines Said A wound on the decease hand Could have been Caused by falling on something Sharp Dr. Hines Said it WAS not Necessarily A "Defensive Wound".

On direct examination Dr Hines said the neck wound was consistent with being stabbed with a knife But on cross-examination Dr. Hines said the Puncture wound to decease neck could have been caused by any object AND the Puncture wound on the back could have been caused by another Object. What is at issue here the State have NO evidence. So the STATE relied on Appellate History, NO-Bill, Mere presence AND disbelief of Appellate exculpatory Statement Through the interrogation video Jury became aware of Appellate Prison time AND the No-Bill the second day into Jury Trial Yet the Trial last for five days. These unconstitutional Act denied Appellate A fair Trial. The court of APPeal Pointed Out that Neither the Appellate nor the Court itself could fine any Case Law that Address the Question of admitting A NO-Bill for which the Appellate was Not Charge. If there is no case Law for admitting A No-Bill then there is no case Law for Appellate to argue\ Defend. This is A issue on which guidance is needed. The Habeas Court must MAKE it determination Concering the Petitoner innocence in light of all the evidence including that alleged to have been illegally admitted but with due regard to any unreliability of it AND evidence tenably claim to have been wrongly excluded or to have become avaible Only after The Trial. See Schlup-v-Delo, 115 S.Ct. 851 1995. Held A federal Habeas Corpus Court must Consider not whether there was any evidence to Support A State Court Conviction but whether there WAS Sufficient evidence to Justify A rational trier of fact to find Guilt beyond A reasonable Doubt. See In Re Winship 397 U.S. 358. 90 S.Ct. 1068 25 L.Ed 2d 368. 2786-2792.

States Attorney contends that Petitioner Complaints are Record Claims. Petitioner Object to Third and fourth ground being Record Claims. The Doctrine of Chances was raised in Trial And on Direct Appeal. Through analyzing the record This Honorable Court will discover that Trial Court / Appeal Court Error in denying relief on the Two claims that was properly exhausted. Federal review of Procedurally Defaulted Claims Claims {2019 U.S. App. Lexis 8} is barred unless the Habeas Petitioner can demonstrate Cause for the default and Actual Prejudice as A result of alleged Violation of federal Law or demonstrate that failure to Consider the Claims Will result in A fundamental Mis-carriage of Justice. Coleman. 501 U.S. at 750.1. See Exhibit D Defendant Contends that the Doctrine of Chances no way was appliciable to showing the Character of defendant being accident Prone defendant only Conviction was Murder that he was Convicted of in 1990 And Served his time And released. In 2009 there was A Case of Self Defense and defendant was NO-Bill by a grand Jury As in Estelle. Dr-v- U.S. of the 5th Cir. 569 F2d 372 1978 U.S. App. Lexis 1, 2196. Procedual Posture as in state in case above Habeas relief was granted because Prosecutor had made Continously improper remarks in his overzealous attempt to Characterize defendant as accidently Killing people. habitually. In this case before this Honorable Court the only time the word accident was used when defendant was interrogated by H.P.D where defendant State that Joe accidently fail down and when he got up was bleeding from his neck. When we look at Mens Rea Mean guilty mind the state of mind that the States Attorney must prove to Sustain A Conviction. must pove that A defendant had when he Committed A Crime. Mens Rea is the Second essential elements of every Crime the other "Actus reus" The requisited levels of Mens Rea expressed by the adverbs purposely Knowingly, recklessly, Negligently are termed Cupability requirement.

A look At 84 F at 423 26 Conformity required not be defined even where there was conformity it was to be as near as maybe and this was understood by the court to make the Conformity Act to some extent only divert or and advisory to pursue it The Federal Judge to disregard State practice that would in his View unwisely encumber the administration of the Law or tend to defeat the ends of Justice. Robbins-v-State, 88 S.W.3d 255 Tex.Crm. APP. 2002. Dela Paz-v-State 279 S.W.3d 336 Tx Crm.

APP. 2009. Review is warranted. AN important Question Of Law remain as to Whether the "Doctrine of Chance" Can be applied to conduct for which Defendant was Not Shown to being Criminally Culpable.

Case 4:20-cv-01761 Document 1-1 Filed on 05/20/20 in TXSD Page 21 of 28 A NO-Bill Lie And Inflame the Jury minds in Prosecutor Closing Arguement.

States Attorney Contends the Petitioner's Claims Are Record Claims Petitioner Object to Third AND fourth being Records Claims. Appeal Court Points out that Defense Counsel Objected to the admission of both Prior Offense At Trial, but only objects to the admission of the NO-Bill On Appeal. In Habeas Corpus 11.07, ground 4. The Appellate only argued the offense of the 2009 NO-Bill. This ground was raised in Trial and On Appeal. Through analyzing the record this Honorable Court will discover that Trial Court error for the Second time in denying relief on the Third AND fourth Claim that was Properly exhausted. See Exhibit D . Federal review of the Procedurally defaulted Claims { 2019 U.S. App. Lexis 8} is barred unless the habeas Petitioner CAN demonstrate cause for the default and Actual prejudice as A result of alleged Violation of federal Law or demonstrate that failure to Consider the Claims will result in A fundamental miscarriage of Justice. See Coleman-v-Thompson 501 U.S. 722, 750 1991 In State closing argument(s) Over Objection(s) by Defense Counsel State Attorney kept eluding to an offense 2009 that Defendant was "NO-Bill" as Defendant getting away with murder and by no means should this Jury allow Defendant to get away with murder again. States records will reflect that Over Objections by Defense Counsel When we look at Probative Value force. An essential Requisite for the Discovery of the truth is the correct measurement of Probative value force. These statement(s) however false had the Probative force to Inflame the Triers of fact verdict making Decision by the mere statement that Defendant has Comitted Murder AND Got Away with it without making A True Statement that Defendant Home was invaded AND Defendant was fighting for [His] Defendant Life.

The law gives to the Judge A measure which he or she must use to exclusion of his or her decretion. Whether Certain evidence is sufficient Proof. State never introduced into evidence any tangible evidence never that the Defendant got away with Murder but so stated in his closing arguement to upset stir up the Passion of the Jury to cause Bias. States Attorney had continously made improper remarks in his overzenlous attempt to show Defendant as a killer by choice. People -v- Rodriguez Supra-Crim Appeal. Corona 551 F2d 1386-1388-89 5th Cir 1977. Rodriguez -v- State 570 S.w.2d 778. Tex.Cr.App.1974. Surely this is A miscarriage of Justice in that it Denies Due Process of Law.

(9)

<u>Ground 5</u>                <u>Insufficient Evidence</u>

Plaintiff Contends that oppose to the Sufficiency of the evidence Plaintiff contends there was no evidence tending to connect [Him] to the offense of Murder. citing Jackson-v-Virginia: in part mere presence at the Scene of an offense: <u>does not</u> Constitute guilt. There was no physical evidence Dna, blood splatter, open wound that tended to connect Plaintiff to the offense. No expert testimony to confirm or enhance the State theory that Plaintiff murdered [His] Brother. Whatso ever is alleged in the Indictment must Be proven In evidence. Here again Plaintiff Depends on The Jackson-v-Virginia Court Concerning mere Presence. Under the Rule of No-evidence - 4.82·5-14·F·1 - Due Process Clause at 5- Conviction "Can not" Stand where there was no evidence on an element of the Crime. In this cause Plaintiff is accused of killing Plaintiff's brother. States Counsel failed to put on evidence or eye witness or expert testimony to Co-oberate States Contention There is a Standard for review of the Sufficiency of evidence is whether viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable Doubt. Again Jackson-v-Virginia at 443 u. 307, 319, n.12, 99 Sct. 2781, 2789, n.12, 61 L.Ed.2d 560 1979. In Schlup-v- Delo, 513 U.S. 298 115 S.Ct. 851, 130 L.Ed.2d 808 1995. Which "Is A procedural gateway through which a Petitioner must pass to have His otherwise barred Constitutional Claim Concidered on its merits. at 700. In A Schlup-type Claim the Applicant must Show that the Constitutional error resulted in the Conviction of one who was actually Innocent. See Ex Parte Spencer, 337 S.w. 3d 869, 878 Tex. Crim. App. 2011. Plaintiff further Contends absent of No evidence whether Material or Testimonial it's evident that Plaintiff was convicted through mere presence and his past Conviction of the offense of murder. A further look at Trial Court's Record will Reflect there was never any material or expert Testimony that confirmed that the victim was stabbed by Plaintiff.

There was testimony from Medical Examiner that the victim did have force puncture wounds that could have been caused by any object but never stated that either wound was caused specifically by a knife which was never found or search for or affirmed as the Deadly weapon See 42.12. Without An Affirmative finding of a Deadly weapon there is A No predicate. For a Murder Conviction absent No evidence to Stand. In Winship, 397 U.S 358, 90 S.Ct. 1068, 25 L.Ed. 2d 638, might Compel A new Criterion by which the Validity of a State Criminal Conviction must be tested in a Federal habeas proceeding - See Freeman - v - Zahrodnick, 429 U.S. 1111, 97 S.Ct. 1150, 51 L. Ed. 2d 566. In this present case there is NO evidence that Plaintiff Committed the crime of Murder as opposed to insufficient evidence or sufficient evidence or any evidence. The Winship Court Stated as this Court Should not whether there was any evidence but whether there was sufficient evidence to Justify A Rational trier of fact to find guilt beyond A Reasonable Doubt. As in the the Doctrine of Thompson - v - Louisville No - evidence Rule is the Appropriate guide and should be used in this present cause before This Honorable Court as well to gauge the validity of this Conviction under The Doctrine of NO - Evidence Rule.

Ground 6) States Ought be construed in a light most favorable to The Defense.

What Petitioner is actually referring here is Petitioner contends that during Trial Proceeding and in closing argument Petitioner Contention here is self-evident in the Trial Court Records that the Prosecutor failed to disclose or inform the Jury about Victims Unstable Mental history, Criminal history, anger issue and that consequently the Jury did not hear the Victim Troubled background before deciding Petitioner guilt. The victim propensity to committe Violent acts was Crucial to the prosecution unquestionably "relevant" and would have been helpful to Petitioner Defense. Prosecutor Moved to suppress Such evidence which was relevant to the case to avoid a probable Conviction had the Jury been allowed to hear into the victims Mental history and Criminal deeds "whose to say had the Jury been made aware of the True Character of the victim that The verdict of the Jury Could have been different. Petitioner filed a motion for discovery but the State failed to respond. See Exhibit E . Brady v. Maryland 373 U.S. 83, 83 S.Ct. 1194, 10 L.ed.2d 215 1963. Petitioner request for all evidence. Constitutional Law 268⁽⁵⁾ Suppressed by Prosecutor of evidence favorable to defendant upon request Violates Due Process. where evidence is material either to guilt or punishment, irrespective of good faith or bad faith of Prosecution U.S.C.A. Const. Amend. 5,14. Petitioner have provided Clear and Convincing evidence that of this Constitutional error. no reasonable juror would have found Pititioner guilty beyond a reasonable doubt. Petitioner Contends that his Conviction were the result of Prosecutorial misconduct.

(Ground 7) False AND Misleading Evidence Prosecutor Misconduct

Appellate argue that State is Guilty of Prosecutorial Misconduct for presenting false and Misleading evidence. Record reflect State was actually aware that officer Brain Evans told Appellate a lie during the interrogation video. Officer Evans lied to Appellate that the medical examiner report, that the scratches on the Complainant face were consistent with the ring Appellate was wearing but the State still Showed the interrogation Video to the Jury never giving the Jury instruction that officer was lying. In the video there is No-Confession, No-incriminating statement nor was there any evidence that connect Appellate to Murder of his brother. So why was the Video shown to the Jury Here Appellate give one reason because the video Show officer Evans lying, Not Appellate AND by officer Evans lying it would make the Jury believe that Appellate cause the death of his brother. It's the Prosecutor duty to make sure the evidence he has is Authentic and truthful. State Claim that Appellate fail to show that officer lying was material to the Appellate Conviction Record Clearly show that the interrogation Video was admitted into evidence and the Jury heard officer Evans Statement about the medical examiner and the Jury belief officer Evans. Contributing to Appellate Conviction. Material Defined Relating to or involving matter (2) Having logical connection with consequential fact (3) Of such a nature that Knowledge of the item would effect A Person decision making Alteration of the document. Constitutional Law 268

To establish Due Process Violation based on State Knowing use of false or Misleading evidence. 1. Defendant must show evidence was false 2. That evidence was material 3. Prosecution Knew that evidence was false for these Purposes evidence is false if inter Alia it is specific misleading evidence important to the Prosecution case in Chief and false evidence is material only if there is any reasonable likelihood that it Could have effected Jury Verdict.
U.S.C.A const. Amend. 14.

(13)

# Ground 8 Defense Counsel was Constitutionaly deficient in Failing To establish Defendant Competency to stand Trial.

State Claim there is Nothing in the record to suggest that Defendant was incompetent to stand Trial. Defendant Contend Neither was there any Doctor expert Testimony to determine that Defendant was Competent to stand Trial. During pretrial Defendant told Defense Counsel that he do not understand the Court Proceeding. In addition Defendant contest that Trial Counsel did not request to Conduct an formal inquiry Mental evaluation A Competency hearing to determine Whether Defendant was able to stand Trial. After All Defendant have been accused of Killing his own brother. Who was it to say, that the Defendant was able to stand Trial. There was no psychiatrist expert testimony nor is there any thing in the record that indicate Trial Counsel Willingness to establish A Competency hearing. Although record Contains A litter information relating to mitigating Factors. In support of this arguement Defense Counsel mere brief Mention in closing that Defendant has a very low IQ and the court should take Defendant education into consideration. Defense Counsel own Word provide evidence of his own deficient preformance. Defense Counsel Knew that Defendant was drawing a mental Disablity Check for many years because Defendant Suffer from Schizophrenia disorder Exhibit F. There was virtually a complete failure by Defense Counsel to present and argue the evidence of Defendant Mental history. See Abur'Rahman-v- Bell 999 F.Supp 1073 M.D Tenn 1998. First it is Clear that Defendant has a six grand education and A serious mental Condition. That Defendant does not rationally understand Court Proceeding, blindly accepting what he's being told. To be Competent to stand Trial a Defendant must have the capacity to understand the nature and objected of the proceeding aginst him. To consult with Counsel and assist in preparing a defense. See Drop-v-missouri 420 U.S. 162.171, 95. S.ct. 896.

Defense Counsel may not have believe that Defendant was incompetent. However a lawyer is not entitled to rely on his own belief about Defendant Mental Condition but instead must make a reasonable investigation. See Wood-v- Zahradnick, 578 F.2d at 982 Wood 430 F.Supp at 110. State procedural must be adequate to insure the right to be tried while competent. see Pate -v- Robinson 383 U.S. 375, 86 S.Ct 836 15 LEd 2d 815 1985. Constitutional Due Process requires that Trial of a accused may be conducted only when he is legally Competent. Bishop-v-US 350 us 961 76 S.Ct 440, 100 LEd 835 1956. Defense Counsel made no attempt to have Defendant evaluated and the record is devoid of any evidence that Defense Counsel took Steps to ascertain the Competency of Defendant.